# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **LIFEVANTAGE CORPORATION,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JASON DOMINGO et al.,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:13-CV-01037-JNP-PMW** <br><br> **District Judge Jill N. Parrish** <br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Defendants and Counter-Claimants Jason Domingo and Ovation Marketing Inc.'s ("Defendants") motion to compel production of documents, or further production of documents, in connection with a subpoena *duces tecum* to non-party Garry Mauro and request for production of documents to Plaintiff and Counterclaim Defendant LifeVantage Corporation ("Plaintiff").[1]

Defendants seek to compel Mr. Mauro to produce:

(1) "Any and all emails, text messages, Facebook (or any other social media) posts or messages, or other types of non-privileged communications . . . about Jason Domingo, or Ovation Marketing, or the termination of Domingo's distributorship between January 1, 2013" and November 10, 2014 between Mr. Mauro; and

    a. Any employee or representative of LifeVantage Corporation
    b. Any employee LifeVantage distributor, and
    c. Any person or entity not included in (a) and (b) above; as well as

---

[1] Docket no. 116.

    (2) "Any and all documents, including Word, PowerPoint, Excel or other formats, about Jason Domingo, or Ovation Marketing, or the termination of Domingo's distributorship between January 1, 2013" and November 10, 2014.[2]

Defendants seek to compel Plaintiff to produce:

    (1) Documents from Mr. Mauro's LifeVantage email account about Jason Domingo, or Ovation Marketing, or the termination of Domingo's distributorship between January 1, 2013 and November 10, 2014.[3]

From a review of review of the court's records, it does not appear that any opposition to the motion was filed.

Under rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  A party may request the production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Based on the record before it, the court finds that the documents sought appear reasonably relevant to the claims and defenses in the case.  Accordingly, Defendant's motion to compel is **GRANTED**.

---

[2] *Id.* at 4.

[3] *Id.* at 6.

Mr. Mauro is **ORDERED** to comply with the subpoena and produce all responsive documents not previously produced, to the extent that they exist, within twenty-one days of the date of this order.  Defendant shall promptly notify Mr. Mauro of this order and provide a copy of the order to him within five days of the date of this order.

Within twenty-one days of the date of this order, Plaintiff is **ORDERED** to produce all relevant documents not previously produced from Mr. Mauro's LifeVantage email account, to the extent they exist, within twenty-one days of the date of this order.

**IT IS SO ORDERED**.

DATED this 12th day of February, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge