IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **LIFEVANTAGE CORPORATION,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | Case No. 2:13-CV-01037-JNP-PMW |
| v. | |
| **JASON DOMINGO et al.,** | **District Judge Jill N. Parrish** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants and Counter-Claimants Jason Domingo and Ovation Marketing Inc.'s (collectively "Defendants") motion to compel responses, or further responses, to interrogatories and the production of documents and a privilege log by Plaintiff and Counter-Defendant LifeVantage Corporation's ("Plaintiff").[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## FACTUAL BACKGROUND

Plaintiff alleges that it is a "publicly traded international science-based nutraceutical

---

[1] Docket nos. 50 and 168.

[2] Docket no. 113.

company," and that Mr. Domingo was previously Plaintiff's lead distributor and conducted business through Ovation Marketing Group, Inc.[3] Plaintiff alleges that, based on its belief that Defendants were disparaging Plaintiff and working to set up a competing company, Plaintiff terminated Defendants and brought an action against them for breach of contract, misappropriation of trade secrets, and injunctive relief.[4] Of relevance to this motion, Plaintiff alleges that Defendants' conduct caused Plaintiff "tens of millions" of dollars of financial harm[5] and "slower growth, reduced earnings and lost profits to [Plaintiff] and smaller distributions to distributors."[6] Defendants filed a counterclaim and third-party complaint.[7] Defendants sued Plaintiff for defamation, tortious interference with economic relations, breach of contract, and civil conspiracy.[8] Defendants assert that Plaintiff failed to follow its policies and procedures in terminating Defendants.[9]

Defendants allege that Plaintiff failed to respond, or failed to adequate respond, to certain interrogatories and requests for production of documents.[10] Mr. Domingo brings the current motion seeking to compel: (1) production of Plaintiff's financial documents; (2) further responses and production of documents regarding other distributor terminations; (3) supplementation of Plaintiff's documents production in response to documents requests nos. 21-

---

[3] Docket no. 1 at 2.

[4] *Id.* at 13-16.

[5] Docket no. 1 at 1.

[6] Docket no. 113 at 6.

[7] Docket no. 11.

[8] *Id.*

[9] *Id.* at 8.

[10] Docket no. 130-5.

2

23; (4) production of a privilege log; and (5) production of unredacted copies of documents that Plaintiff produced in redacted form.

## ANALYSIS

Under rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

### A. Production of Financial Documents (Request No. 15)

Defendants' request no. 15 seeks "Documents and Communications Related to LifeVantage's financial performance from January 1, 2011 through the present date, including, but not limited to, all financial reports or presentations given to LifeVantage's Board of Directors."[11] Plaintiff argues that this request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further contends that Defendants already has certain financial disclosures, and that Plaintiff should be required to seek further details regarding financial issues through Plaintiff's expert.

As discussed above, parties are permitted discovery into any nonprivileged matter provided it is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26. "Relevancy is broadly construed at the discovery stage of the litigation and a request

---

[11] Docket no. 113-2 at 8.

for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Groesbeck v. Bumbo Int'l,* No. 1:13-CV-00090, 2015 WL 365922, at *1 (D. Utah Jan. 27, 2015). Courts allow discovery of financial documents when they relate "significantly to matters at issue . . . to the claims and defenses in this case." *Free Conference Call Holdings, Inc. v. Powerhouse Commc'ns, LLC,* No. 2:07-CV-893-CW, 2009 WL 2916749, at *2 (D. Utah Sept. 8, 2009).

The request for Plaintiff's financial documents is clearly relevant to the claims and defenses of the case. Plaintiff's complaint alleges that Defendants' conduct caused Plaintiff "tens of millions" of dollars of financial harm[12] and "slower growth, reduced earnings and lost profits to [Plaintiff] and smaller distributions to distributors."[13] Plaintiff further alleges that but for Defendants' actions, "the company believes that it could have paid tens of millions of dollars more to its distributors."[14] These losses in turn form a significant portion of the basis for Plaintiff's damages claim. While Defendants' request is very broad and might be unduly burdensome in many cases, the court find that the request is sufficiently proportional to the issues given the large amount of damages asserted by Plaintiff and the nuanced analysis that must be performed to defend against Plaintiff's claims. In addition, Defendants are not limited to inquire into these matters solely through Plaintiff's expert witness: Defendants are entitled to have the underlying documents and to perform their own analysis of them.

This portion of the motion is **GRANTED**. Plaintiff shall produce all responsive, nonprivileged documents within 14 days of the date of this order.

---

[12] Docket no. 1 at 1.

[13] Docket no. 113 at 6.

[14] Docket no. 223 at 2.

B. **Distributor Terminations (Interrogatories Nos. 8-10; Request No. 14)**

Defendant's interrogatories nos. 8-10, and request for production of documents no. 14 seek information and documents regarding distributors who were terminated by Plaintiff, or who received warning for violating Plaintiff's Policies and Procedures, during a two-year period.[15]

Plaintiff's Policies and Procedures were incorporated into all distributor agreements.[16] Defendants assert as a defense against a breach of contract claim, as well as the basis for a counterclaim of breach of contract, that their termination was in violation of the distributor contract between the parties. Additionally, Defendants contends that their treatment was different than the treatment of other distributors.[17]

The court finds that interrogatories 8-10 and request no. 14 appear relevant to the defenses and claims of this case and proportional to the needs of the case. Further, Plaintiff does not specifically estimate the number of distributors that would be responsive to these discovery requests. Having failed to provide this key information, Plaintiff will not be heard to complain regarding undue burden or lack of proportionality.

This portion of Defendants' motion is **GRANTED**. Plaintiff shall provide responses, or further responses, and produce all responsive, nonprivileged documents within 14 days of the date of this order.

C. **Supplementation of Document Production (Requests Nos. 21-23)**

Defendants' requests nos. 21-23 seek communications of LifeVantage employees or distributors regarding Defendants between January 1, 2014 and the present.[18] Plaintiff argues

---

[15] Docket no. 113-2 at 6-8.

[16] Docket no. 113 at 7.

[17] *Id.*

[18] *Id.* at 4-6.

that requests no. 21-23 are unlikely to lead to admissible evidence and that "relevant documents related to Defendants' post-termination conduct are in the possession of Defendants and third parties with whom Defendants have communicated, not LifeVantage."[19]

When deciding if a matter is subject to discovery, the court must consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). A party may request the production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

The requests in question appear relevant and proportional to the issues of the case. Plaintiff has not shown that the information requested is not reasonably accessible, it has only pointed out that the documents will need to be reviewed for privileged information.[20] As with all discovery requests, it is axiomatic that a party is not required to produce documents that are not in that party's possession, custody, or control. The fact that documents may be available from a third-party is not grounds for refusing to produce documents in a party's control.

This portion of Defendants' motion is **GRANTED**. Plaintiff shall produce all responsive, nonprivileged documents within 14 days of the date of this order.

### D. Production of a Privilege Log

Defendants' motion asserted that Plaintiff had not produced a privilege log in accordance with rule 26 of the Federal Rules of Civil Procedure.[21] Defendants' reply subsequently

---

[19] Docket no. 130 at 8.

[20] *Id.*

[21] Docket no. 113 at 11.

acknowledges that Plaintiff produced a privilege log.[22]  Accordingly, this portion of Defendants' motion is **DENIED** as moot, subject to the discussion in Section E below**.**

### E.  Redaction of Documents

Plaintiff's document production included a number of redacted documents.  Plaintiff asserts that the redactions are intended to remove (1) nonresponsive information, and (2) privileged information.  The parties appear to disagree as to whether these redactions have been included in Plaintiff's privilege log.

#### 1.  Redaction of Nonresponsive Information

Plaintiff cites no legal basis for redacting or otherwise excerpting nonprivileged information on the basis of responsiveness from an otherwise responsive, nonprivileged document.  To the extent Plaintiff reasonably believes that information is confidential, the correct course was for Plaintiff to produce subject to the protections of a protective order.  To prevent delays and dispute over these types of issues, the local rules for the District of Utah automatically implement a standard protective order.  DUCivR 26-2(a)(1).

#### 2.  Redaction of Privileged Information

Defendants cite no legal basis precluding a party from producing documents redacted solely on the basis of privilege.  That said, to the extent Plaintiff produces documents redacted for privilege, Plaintiff must treat those redactions like other assertions of privilege and include appropriately detailed descriptions to establish the basis for privilege for each redaction in its privilege log.

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i)

---

[22] Docket no. 146 at 9.

expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(i)-(ii).

Defendants' motion to compel production of unredacted versions of documents that were redacted for any reason other than privilege is **GRANTED**. Plaintiff is to produce unredacted copies of nonprivileged documents within 14 days of the date of this order. An updated version of the privilege log that removes any entries based on responsiveness shall be produced within 14 days of the date of this order.

To the extent Defendants seek to compel production of unredacted versions of documents that Plaintiff claims are privileged, the motion is **DENIED**. If it has not already done so, Plaintiff is **ORDERED** to produce a privilege log that includes each document withheld or item redacted based on a claim of privilege and sufficient information in that log to permit Defendants to assess each claim of privilege within 14 days of the date of this order.

**IT IS SO ORDERED**.

DATED this 9th day of March, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge